UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kevin A. Dudley                         )
R13923-083                              )
Federal Correctional Institutional      )
P.O. Box 4000                           )
Manchester, KY 40962-4000,              )
                                        )
Petitioner,                             )
                                        )   CASE NUMBER 1:05CV02152
                                        )
V.                                      )   JUDGE: Paul L. Friedman
                                        )
Director                                )   DECK TYPE: Habeas Corpus/2255
Fedeeral Bureau of Prisons              )
320 First Street, N.W.                  )   DATE STAMP: 11/03/2005
Washington, D.C. 20534,                 )
                                        )
Respondent.                             )

## WRIT OF HABEAS CORPUS PURSUANT TO 28 § U.S.C. 2241

Comes now petitioner moving in the above caption respectfully requesting the Honorable Court to grant petitioner relief as a matter of law. On or about March 26, 2003, a warrant was issued through the United States Parole Commission for the following alleged violations: Charge No. 1- Violation Special Condition of Narcotic Surveillance, Charge No. 2- Failure to Carry Out the Instructions of the Parole Officer, Charge No. 3- Violation of Special Condition (CCC), and Charge No. 4- Use of Dangerous and Habit Forming Drugs. Cooperation was made for petitioner's surrender, however upon meeting his wife to secure personal papers, he was ambushed by U.S. Marshals, petitioner shot 5 times while unarmed and helivacté to nearby Surburan Hospital, the above incident to place on April 25, 2003, this obsessive brutal force apprehension landed petitioner hospitalized for 2 months. While undergoing treatment and the recovery for related gunshot wounds he was seen by Commission for proable cause hearing on May 2, 2003.

The examiner (P. Howard) recommended an expedited offer of Reparole after the service of 10 months (2/25/2004), petitioner parole was rated as Category One severity because it involved administrative violations of supervision. On June 2, 2003, an indictment was issued from the United States District Court for the District of Maryland alleging charges of Assaulting, Resisting or Impeding a Federal Officer, 18 U.S.C. § 111(b)), on January 14, 2004, petitioner plead guilty as to counts 1 and 2 and not guilty as to counts 3 and 4, which was accepted by the Court.  On April 2, 2004, petitioner was sentenced by Judge Peter J. Messitte, to 78 months imprisonment as to counts 1 and 2 to run concurrent; 3 years supervised release as to counts 1 and 2 to run concurrent with conditions. On June 21, 2004, petitioner was seen by the Commission and underwent a parole revocation hearing the examiner (Micheal Green) concluded to revoke parole. None of the time spent on parole shall be credited.  Continue to a presumptive re-parole on June 16, 2012, after the service of 110 months. However, upon entry into the Federal Correctional Institution Manchester Kentucky, I was shocked to learn that my computation date exceeded the intentions of the District Court of Maryland and the Commission, the projected release of February 13, 2018, is a consecutive assumption not articulated in neither document. And as a matter of law and policy the larger must absorb the lesser

    Petitioner relief request is an administrative issue and the Federal Bureau of Prisons located 320 First Street, N.W., Washington, D.C., is the proper respondent. Several administrative remedies were forwarded, first, an informal attempt to resolve this matter through Case Manager at this institution, second letters sent to warden of the institution, and third letter sent to the Director of the Bureau of Prisons. Petitioner pray that the Court grant him relief and correct the above administrative error computation.  His projected release should read June 16, 2012.  I hereby certify that the above statements are factual and true under the penalty of perjury.

P.S 5880.28
February 21, 1993
Page 1 - 31

e. **Multiple Sentences of Imprisonment.** The statute that governs the manner in which multiple sentences of imprisonment may be imposed is 18 USC § 3584.

(1) Subsection (a) of Section 3584 states, "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

The legislative history for this subsection states that, ". . . if the court is silent as to whether terms of imprisonment imposed at the same time (emphasis added) are concurrent or consecutive, the terms run concurrently unless a statute requires that they be consecutive. If, on the other hand, multiple terms of imprisonment are imposed at different times (emphasis added) without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise." This subsection allows the court flexibility in sentencing when multiple terms of

05 2152
FILED
NOV - 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kevin Anothony Dudley
R13923-083
Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962-4000
May 18, 2005

Director
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

RE: Computation generally pursuant to 18 § U.S.C. 4161

Dear Director:

    This writer has made several attempts in order to find resolve concerning the miscomputation of his sentence structure. He began through petition submitted to Case Manager who referred him to the institutional records department and the employee acknowledge the computation flaw, however unauthorize to make adjustments. The institution Warden (Charles E. Sammuels, Jr.) was forwarded a letter expressing the same regard and documentation supporting this writer's claim, accompanied, still to no avail. Understanding the Bureau of Prisons is the proper venue at this juncture having exhausted the above remedies. (See enclosed documents)

    On April 2, 2004, this writer was before the Honorable Judge Peter J. Messitte of the United States District Court for the District of Maryland. This writer plead guilty and was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 78 months ( 6 1/2 years) and the Honorable Judge specified that this sentence will run concurrent with any parole decision. On June 21 2004, the writer was seen by the United States Parole Commission, his examiner was Micheal Green, and after reviewing the factors in this case it was concluded to revoke parole, none of the time spent on parole shall be credited and continue to a presumptive re-parole on June 16, 2012, after service of 110 months. The examiner Mr. Green, clearly stated this time will absorb and run concurrent with the District Court decision accordingly pursuant to 18 § U.S.C. 4210(b)(2). This writer's correct presumptive re-parole date is June 16, 2012, per the instructions of the Honorable Court and the Commission.

    This writer petition this body the Federal Bureau of Prisons in correcting his computation sheet which at present reads Feburary 13, 2018.

1

This date is inconsistent with present documentation and the true intent of the decision makers, writer account this as correctable oversite (harmless era) and personnel at the Federal Bureau of Prisons may find theirselves very busy at any given point due to the influx of the prison population. Writer ask that this controlling body forward a true bill computation reflecting the accurate discharge date of June 16, 2012.

    This writer want to thank in advance the Director of the Bureau and to whom this may concern for your time and consideration.

                                                Respectfully submitted,

                                                Kevin Anothony Dudley

2

U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: DUDLEY, Kevin  
Register Number: 13923-083  
DCDC No: 223-818

Institution: D.C. CCM/CTF

Date: July 16, 2004

---

In the case of the above-named, the following parole action was ordered:

### DC Local Revocation:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole on June 16, 2012 after service of 110 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Violation of Special Condition of Narcotic Surveillance

Basis for the above stated finding(s): Your admission.

Charge No. 2 – Failure to Carry Out The Instructions of Parole Officer

Basis for the above stated finding(s): Your admission.

Charge No. 3 - Violation of Special Condition (CCC)

Basis for the above stated finding(s): Your admission.

Charge No. 4 - Use of Dangerous and Habit Forming Drugs

Basis for the above stated finding(s): Your admission.

---

Dudley 13923-083                                    -1-                                    Clerk: ADC  
Queued: 07-16-2004 08:45:57 BOP-D.C. CCM | USPO-District of Maryland, Greenbelt | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

Charge No. 5 - Law Violation - (c) Assaulting a Federal Officer (Two Counts)

Basis for the above stated finding(s): Your conviction in US District Court imposed on 04-02-2004.

**REASONS**:

Your parole violation behavior has been rated as criminal conduct of Category Seven severity because it involved assault of Federal Officers with serious bodily injury being the intended results and administrative violations. Your salient factor score is 4. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of your hearing date of June 21, 2004, you have been in confinement as a result of your violation behavior for a total of 14 month(s). Guidelines established by the Commission indicate a customary range of 78-110 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

In addition, you have also been scheduled for a review hearing during June 2006.

The above decision is not appealable.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Avenue, N.W.
       Room 1400
       Washington, D.C. 20001
       Attn: Karen Brown

       U.S. Probation Office
       District of Maryland
       9200 Edmonston Road
       Suite 200
       Greenbelt, MD 20770

       R. Overstreet-Gonzales
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

# United States District Court
## District of Maryland

RECEIVED
BALTIMORE, MD
2004 APR 12 P 1:55

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | (For Offenses Committed on or After November 1, 1987) |
| v. | |
| | Case Number: PJM-03-0253 |
| KEVIN ANTHONY DUDLEY | USM Numbers: 13923-083 |
| | Defendant's Attorney: PAULA XINIS |
| | |
| | Assistant U.S. Attorney: JAMES M. TRUSTY |

**THE DEFENDANT:**
[X] pleaded guilty to count(s) __1 and 2 of Indictment__
[ ] pleaded nolo contendere to count(s) _____, which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:111(b) | Assaulting a Federal Officer | April 25, 2003 | 1 and 2 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[X] Count(s) __3 and 4__ (are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

APRIL 2, 2004
Date of Imposition of Judgment

PETER J. MESSITTE    4/7/04
UNITED STATES DISTRICT JUDGE    Date

Name of Court Reporter: SIMPKINS

I hereby attest and certify on 4/8/04 that the foregoing document is a full, true and correct copy of the original document on file in my office and in my legal custody.

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____ J. Peterson_____ Deputy

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 2 - Judgment in a Criminal Case with Supervised Release — Judgment Page 2 of 6

**DEFENDANT:**   KEVIN ANTHONY DUDLEY

**CASE NUMBER: PJM-03-0253**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __78__ months as to Count 1. 78 months as to Count 2 to run concurrent to Count 1.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

   ☐ before 2 p.m. on _____.

A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
DEPUTY U.S. MARSHAL

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 3 - Judgment in a Criminal Case with Supervised Release            Judgment Page 3 of 6

**DEFENDANT:**     KEVIN ANTHONY DUDLEY           **CASE NUMBER: PJM-03-0253**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 years as to Count 1, 3 years as to Count 2 to run concurrent to Count 1__.

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

### A. STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.

2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.

3) The defendant shall not illegally use or possess a controlled substance.

4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
   ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

5) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

### B. STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 3.01 - Judgment in a Criminal Case with Supervised Release

Judgment Page 4 of 6

DEFENDANT:     KEVIN ANTHONY DUDLEY
CASE NUMBER: PJM-03-0253

## C. SUPERVISED RELEASE ADDITIONAL CONDITIONS

**SUBSTANCE ABUSE**
[X] The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.

**ACCESS TO FINANCIAL INFORMATION**
[X] The defendant shall provide the probation officer with access to any requested financial information.

**CREDIT RESTRICTION**
[X] The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer.

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release        Judgment Page 5 of 6

DEFENDANT:     KEVIN ANTHONY DUDLEY     CASE NUMBER: PJM-03-0253

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ 6,700.88 |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . $

## FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay a fine; therefore, a fine is waived.

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Amount of Restitution Ordered | Priority Order or Percentage Payment |
|---|---|---|
| U.S. Marshal Service<br>c/o U.S. Attorney's Office<br>Financial Litigation Unit<br>Baltimore, MD 21201 | $6,700.88 | |

U.S. DISTRICT COURT (Rev. 4/2004) Sheet 5, Part B - Judgment in a Criminal Case with Supervised Release                Judgment Page 6 of 6

**DEFENDANT:**   KEVIN ANTHONY DUDLEY              **CASE NUMBER: PJM-03-0253**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X] Special Assessment shall be paid in full immediately.

B  [ ] $_____ immediately, balance due (in accordance with C, D, or E); or

C  [ ] Not later than _____; or

D  [ ] Installments to commence _____ day(s) after the date of this judgment.

E  [X] In __monthly__ (e.g. equal weekly, monthly, quarterly) installments of $ 175.00 over a period of 36 months commencing 30 days after release from custody.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

[ ] in equal monthly installments during the term of supervision; or

[ ] on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

[ ] Joint and Several with:

[ ] The defendant shall pay the following costs of prosecution and/or court costs:

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

```
MANL1    540*23  *           SENTENCE MONITORING            *      12-08-2004
PAGE 004         *            COMPUTATION DATA              *      11:39:17
                              AS OF 12-08-2004

REGNO..: 13923-083 NAME: DUDLEY, KEVIN ANTHONY


------------------------CURRENT COMPUTATION NO: 040 ------------------------

COMPUTATION 040 WAS LAST UPDATED ON 09-02-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 040 010

DATE COMPUTATION BEGAN..........: 06-16-2012
TOTAL TERM IN EFFECT............:    78 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     6 YEARS       6 MONTHS
EARLIEST DATE OF OFFENSE........: 04-25-2003

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 305
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 02-13-2018
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 12-15-2018


PROJECTED SATISFACTION DATE.....: 02-13-2018
PROJECTED SATISFACTION METHOD...: GCT REL

                   COMP CERTIFIED BY DCRC ON 11/17/04.
```

G0002        MORE PAGES TO FOLLOW . . .

```
MANL1    540*23  *        SENTENCE MONITORING        *   12-08-2004
PAGE 003         *         COMPUTATION DATA          *   11:39:17
                           AS OF 12-08-2004

REGNO..: 13923-083 NAME: DUDLEY, KEVIN ANTHONY


FBI NO............:                    DATE OF BIRTH: 02-24-1961
ARS1..............: MAN/A-DES
UNIT..............: KNOX B             QUARTERS.....: K03-108U
DETAINERS.........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 08-13-2017

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-13-2018 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 040 ---------------------

COURT OF JURISDICTION............: MARYLAND
DOCKET NUMBER....................: PJM-03-0253
JUDGE............................: MESSITTE
DATE SENTENCED/PROBATION IMPOSED: 04-02-2004
DATE COMMITTED...................: 09-02-2004
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                   FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:    $200.00         $00.00           $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO       AMOUNT:  $6,700.88

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:   011
OFF/CHG: 18 USC 111(B), ASSAULTING A FEDERAL OFFICER

  SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    78 MONTHS
  TERM OF SUPERVISION............:     3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS TO 030
  DATE OF OFFENSE................: 04-25-2003




G0002        MORE PAGES TO FOLLOW . . .
```

```
MANL1   542*22 *              SENTENCE MONITORING            *    12-08-2004
PAGE 001 OF 001 *                GOOD TIME DATA               *    11:40:59
                               AS OF  12-08-2004

   REGNO...: 13923-083    NAME: DUDLEY, KEVIN ANTHONY
   ARS 1...: MAN A-DES
   COMPUTATION NUMBER..: 040                    FUNC..: PRT    ACT DT:
   LAST UPDATED: DATE.: 09-02-2004              FACL..: CRO    CALC: AUTOMATIC
   UNIT................: KNOX B                 QUARTERS............: K03-108U
   DATE COMP BEGINS....: 06-16-2012             COMP STATUS.........: COMPLETE
   TOTAL JAIL CREDIT...: 0                      TOTAL INOP TIME.....: 0
   CURRENT REL DT......: 12-15-2018 SAT         EXPIRES FULL TERM DT: 12-15-2018
   PROJ SATISFACT DT...: 02-13-2018 TUE         PROJ SATISF METHOD..: GCT REL
   ACTUAL SATISFACT DT.:                        ACTUAL SATISF METHOD:
   DAYS REMAINING......:                        FINAL PUBLC LAW DAYS:

   -------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

      START        STOP       MAX POSSIBLE TO     ACTUAL TOTALS    VESTED     VESTED
      DATE         DATE       DIS    FFT          DIS     FFT      AMOUNT     DATE
      06-16-2012   06-15-2013  54
      06-16-2013   06-15-2014  54
      06-16-2014   06-15-2015  54
      06-16-2015   06-15-2016  54
      06-16-2016   06-15-2017  54
      06-16-2017   02-13-2018  35

          TOTAL EARNED AMOUNT.............................................:      0
          TOTAL EARNED AND PROJECTED AMOUNT...............................:    305




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Kevin Anthony Dudley
R13923-083
Knox B
Work Assignment (Culinary)

Warden
Charles E. Sammuels, Jr.
Federal Correctional Institution
Manchester, Kentucky

Re: Miscomputation of Sentence Structure

Dear Sir:

This writer has made serveral attempts to resolve this matter concerning his sentence structure that is in era. He has spoken with the Case Manager and the record officer in regard to this issue you are the last resort before leaving the institution and pursuing an outside remedy. My computation sheet at present reads the projected satisfaction date being Feburary 13, 2018, (2/13/18), this date is inconsistent with the decisions made by the Court and the United States Parole Commission and in flaw to the documentation upon which you have access. This documents are the United States District Court of the District of Maryland Judgement and Commitment which reads a sentence of 78 months and this sentence stated by the Judge in this case to run concurrent with the Commission decision of a presumptive re-parole on June 16, 2012, after the service of 110 months. It appears that the Federal Bureau of Prison computated the sentence structure running consecutive adding the 78 months on top of the Commission's decision. I ask that you look into this matter at your earliest schedule to ensure proper remedy for correction of the aforemention computation structure which should read projected satisfaction date of June 16, 2012. I want to thank you in advance for your time and consideration.

Respectfully submitted,
Kevin Anthony Dudley

*[signature]*