UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEVIN A. DUDLEY, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-2152 (PLF) |
| FEDERAL BUREAU OF PRISONS, Director, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

On November 3, 2005, the petitioner filed filed a motion for *habeas corpus* under 28 U.S.C. § 2241, seeking to compel the defendant to correct its allegedly improper calculation of his sentence. Peitioner alleges that his current projected release date of February 13, 2018 is incorrect and should actually be June 16, 2012. He is currently incarceratedat the Federal Correctional Institution in Manchester, Kentucky.

The Court "'may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) (quoting Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986)). It is established that writs of *habeas corpus* must be directed to the detainee's custodian -- in this case, the warden at FCI Manchester. See Guerra v. Meese, 786 F.2d 414 at 416 (rejecting argument that Parole Commission, while responsible for appellees' continued detention, was their custodian for purposes of habeas corpus); Connally v. Reno, 896 F. Supp. 32, 34 (D.D.C. 1995) (rejecting habeas corpus action brought against Attorney General and Director of Bureau

of Prisons rather than petitioner's warden) (quoting Ledher v. Thornburgh, 733 F. Supp. 454-55 (D.D.C. 1990) ("The custodian is the person having day-to-day control over the prisoner.")). This Court does not have personal jurisdiction over the warden of a federal institution in Kentucky and, accordingly, may not consider this motion.

If the petitioner's motion for *habeas corpus* had been brought against the proper defendant, the Court would have transferred it to the United States District Court for the Eastern District of Kentucky for consideration in its proper venue. Because it was not, the Court *sua sponte* instead will deny defendant's motion without prejudice to its being re-filed in the appropriate jurisdiction and against the appropriate defendant, which is the warden of the institution in which the petitioner is incarcerated. Accordingly, it is hereby

ORDERED that [1] defendant's motion for a writ of *habeas corpus* is DENIED without prejudice to its being re-filed against the warden of the Federal Correctional Institution in Manchester in the United States District Court for the Eastern District of Kentucky.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 18, 2006

cc:   Kevin A. Dudley
      R13923-083
      Federal Correctional Institution
      P.O. Box 4000
      Manchester, KY 40962-4000